## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Alphonzo Leon Johnson,** | **Civil No. 06-2687 (PAM-JJG)** |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Carol Holinka,** | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned on Alphonzo Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1). Mr. Johnson (Johnson) proceeds on his own behalf. Ms. Holinka is represented by Erica H. MacDonald, Assistant United States Attorney. Johnson is held at a federal prison in Waseca, Minnesota. Holinka, the warden of the prison, serves under the authority of the federal Bureau of Prisons (BOP). That agency is treated as the party in interest here.

Johnson is eligible to participate in a residential drug abuse program (RDAP). He asserts that he is entitled to a reduction of his term of imprisonment upon successful completion of the RDAP, and that the BOP has improperly disallowed the reduction. Johnson argues in part that this decision is based on regulations that do not follow the requirements of the Administrative Procedure Act (APA). He adds that the challenged regulation and program statement violate the underlying RDAP statute. This matter is now referred for decision by this Court in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

**A.      Procedural History**

Johnson was convicted of possession of a firearm by a felon, under 18 U.S.C. § 922(d)(1), in

October 1998. He received a fifty-one month sentence for this offense, and served a substantial portion of this sentence before he was placed on supervised release in March 2001.

During his supervised release, Johnson was arrested and then convicted for drug trafficking under 21 U.S.C. § 841. For this conviction, he was sentenced to 92 months' imprisonment. He also had his supervised release revoked and was required to serve another 24 months in connection with the prior firearm offense. The sentencing court ordered these sentences to be served consecutively, so that the total is 116 months.

The parties agree that Johnson is eligible for the RDAP and that he has yet to participate in this program. Johnson contends that, should he successfully complete the RDAP, he is entitled to a one-year reduction of his term of imprisonment under 18 U.S.C. § 3621(e)(2)(B). He challenges a regulation, 28 C.F.R. § 550.58, and two other statements, Program Statement 5162.04 and Program Statement 5330.10, that the BOP purportedly would rely upon to deny him this reduction.

The BOP admits that Johnson has fully exhausted administrative remedies. It claims that the regulation and program statements are valid. Consistent with these authorities, the BOP further asserts that because of his conviction for possession of a firearm, Johnson is not eligible for a reduction of his term following successful completion of the RDAP.

**B.     Regulatory History**

The statute at issue was enacted as part of the Violent Crime Control and Enforcement Act of 1994, and it provides in relevant part,

> The period a prisoner convicted of a nonviolent offense remains in custody
> after successfully completing a [RDAP] may be reduced by the Bureau of
> Prisons, but such reduction may not be more than one year from the term

the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

To determine which prisoners were eligible for a reduction under the newly enacted statute, the BOP promulgated 28 C.F.R. § 550.58 in 1995. It determined eligibility, in part, on whether or not the prisoner was convicted of a "nonviolent offense." In accordance with this rule, the BOP then concluded that the offense of possession of a firearm by a felon was a violent offense, which meant that those convicted of this offense were not eligible for the reduction. But this regulation received criticism from several courts, including the Eighth Circuit, which held that this interpretation of "nonviolent offense" contradicted § 3621(e). *See Martin v. Gerlinski*, 133 F.3d 1076, 1079-80 (8th Cir. 1998).

The BOP responded to this concern by issuing Program Statement 5162.04 on October 9, 1997. It retreated from the broad interpretation of "nonviolent offense" that the BOP previously proposed in § 550.58. The statement instead provided that, even where a prisoner was convicted for a nonviolent offense, the BOP could still exercise its discretion and deny a reduction of the term of imprisonment. Treating possession of a firearm by a felon as a nonviolent offense, the statement further provided that where a prisoner was currently serving for this offense, a reduction would be categorically denied.

The BOP amended 28 C.F.R. § 550.58 shortly thereafter on October 15, 1997. The newly amended rule, published as an "interim rule," supplied guidelines that mirrored those in Program Statement 5162.04. Both the statement and the ensuing rule relied on the fact that, where a prisoner successfully completes the RDAP under § 3621(e), the term of imprisonment "*may* be reduced by the BOP[.]" The statute used the permissive word "may," and for this reason, the BOP concluded it had discretion to grant or deny a reduction of the term of imprisonment.

3

The newly amended regulation was challenged on two fronts. Some claimed that, because § 550.58 categorically denied reductions to prisoners who were otherwise eligible under § 3621(e), the regulation violated the statute. The Eighth Circuit rejected this argument in *Bellis v. Davis*, 186 F.3d 1091, 1094-95, and the U.S. Supreme Court affirmed this ruling in *Lopez v. Davis*, 531 U.S. 230, 237-38 (2001). These courts held that § 3621(e) gave the BOP the authority, but no affirmative duty, to reduce the term of imprisonment for prisoners convicted of nonviolent offenses.

Others challenged the newly amended regulation on procedural grounds, contending that it violated the notice and comment requirements of the APA. The Ninth Circuit recently held that, because the 1997 "interim rule" did not comply with these requirements, it was invalid. *Paulsen v. Daniels*, 413 F.3d 999, 1003 (9th Cir. 2005).

In the meantime, however, the BOP republished § 550.58 as a "final rule" in December 2000. This regulation is identical to the regulation promulgated in October 1997. Unlike the interim rule, authorities have consistently held that this version of the rule complies with the notice and comment requirements of the APA. *Abernathy v. Terrell*, 455 F.Supp.2d 1226, 1228-29 (D.Kan. 2006); *see also Miller v. Gallegos*, 125 Fed.Appx. 934, 936 (10th Cir. 2005).

**C.  APA**

Johnson asserts that § 550.58, as well as two program statements, were not promulgated in accordance with the notice and comment requirements of the APA. For this reason, he argues that these authorities are invalid. Subject to limited exceptions, the APA requires that an agency give notice of a proposed rule, and provide at least a thirty day period for public comment, before that rule is given effect. 5 U.S.C. § 553.

When the BOP amended § 550.58 in 1997 and promulgated the interim rule, it published the rule on October 15, 1997, while making its effect retroactive to October 9, 1997. Such a procedure arguably is a plain violation of the APA. Drug Abuse Treatment and Intensive Confinement Center Programs: Early Release Consideration, 62 Fed.Reg. 53960 (1997); *see also Paulsen*, 413 F.3d at 1003.

When promulgating the final rule in 2000, however, the publication related back to 1997 and gave ample time for public comment. Drug Abuse Treatment and Intensive Confinement Center Programs: Early Release Consideration, 65 Fed.Reg. 80745, 80747-48 (2000). The current version of § 550.58, therefore, does not violate the APA. *Abernathy v. Terrell*, 455 F.Supp.2d 1226, 1228-29 (D.Kan. 2006).

Johnson relies on authorities that have invalidated the 1997 interim rule. This rule, however, has since been superseded by the 2000 final rule. Because Johnson has yet to enter the RDAP, the only rule applicable to Johnson is the final rule. Any defects in the 1997 interim rule are immaterial. The current, applicable version of § 550.58 is valid under the APA, and therefore, Johnson cannot prevail on this argument.

A different analysis is required for the program statements. An exception to the notice and comment requirements of the APA covers "interpretative rules, general statements of policy, or rules of agency organization, procedure, and practice." 5 U.S.C. § 553(b)(A). Such rules do not have substantive effect, but instead are used to clarify or explain other laws and regulations. *McKenzie v. Bowen*, 787 F.2d 1216, 1222 (8th Cir. 1986). Because program statements of the BOP are internal agency guidelines, they ordinarily qualify as interpretive rules, and are therefore exempt from notice and comment under the APA. *Reno v. Koray*, 515 U.S. 50, 61 (1995).

As noted previously, Program Statement 5162.04 mirrors the substance of the rules set out in § 550.58, providing internal guidelines for the implementation of § 550.58 and § 3621(e) by the BOP. The statement, therefore, is an interpretive rule that is exempt from the notice and comment requirements of the APA. *Gunderson v. Hood*, 268 F.3d 1149, 1154-55 (9th Cir. 2001).

The other challenged policy, Program Statement 5330.10, is used to determine which rules apply to a prisoner in the RDAP. It indicates that the applicable rule depends on the date on which the prisoner enters this program. Because this statement provides internal guidelines for BOP agency practice, it is also an interpretive rule that is exempt from the notice and comment requirements of the APA. *Davis v. Beeler*, 966 F.Supp. 483, 488 (E.D.Ky. 1997).

Neither the challenged regulation nor the challenged program statements violate the notice and comment requirements of the APA. This concern, therefore, cannot provide Johnson the relief he seeks in his petition. This outcome accords with the decisions of other courts in this District. *See, e.g., Robinson v. Holinka*, No. 06-621 (RHK/RLE), 2007 WL 1054283 at *6-*7 (D.Minn. Apr. 9, 2007); *Gibson v. Walton*, No. 05-2600 (JNE/JSM), 2006 WL 1428274 at *3 (D.Minn. May 23, 2006).

**D.     Statutory Violation**

Johnson next asserts that the regulation, § 550.58, violates the statute, § 3621(e). He argues that his firearms offense is by definition nonviolent, and so upon completion of the RDAP, he is entitled to a reduction of his term of imprisonment. He also implies that the BOP has abused its discretion by categorically denying a reduction to a person convicted of a nonviolent offense.

As noted previously, these arguments were examined and rejected by the U.S. Supreme Court in *Lopez v. Davis*. 531 U.S. 230 (2001). The Court observed that under § 3621(e), if a prisoner is

6

convicted for a nonviolent offense and that prisoner completes the RDAP, the term of imprisonment "*may* be reduced" by the BOP. Even though a prisoner is convicted for a nonviolent offense, the word "may" indicates that the BOP has discretion whether or not to grant a reduction. Moreover, the BOP may exercise this discretion categorically, by excluding prisoners whose offenses involve a firearm. *Id.* at 237-38; *accord, Grove v. Bureau of Prisons*, 245 F.3d 743, 746 (8th Cir. 2001).

Johnson suggests that, because he is serving consecutive sentences for possession of a firearm and drug trafficking, his case is different. He argues that once he completes the term for the firearm offense, it should no longer disqualify him from a reduction of his remaining term. But the BOP correctly responds that, under 18 U.S.C. § 3584(c), the sentences for both offenses are treated as a single, aggregate term for administrative purposes.

Because § 550.58 does not violate § 3621(e), the BOP may deny Johnson a reduction of his term of imprisonment because Johnson is serving a sentence for possession of a firearm. This issue also does not provide Johnson a basis for relief.

**E.    Due Process Violation**

In his remaining argument, Johnson contends that the BOP violated his due process rights by denying him a reduction of his term of imprisonment. To prevail on this argument, however, he must show that he had a vested liberty interest. Because the BOP has discretion whether to grant a reduction, there is no vested liberty interest and no basis for a violation of due process. *Hunnicutt v. Hawk*, 229 F.3d 997, 1001 (10th Cir. 2000); *Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir. 2000); *Sesler v. Pitzer*, 926 F.Supp. 130, 133 (D.Minn. 1996); *see also Staszak v. Romine*, 221 F.3d 1344, 2000 WL 862836 (8th Cir. 2000) (mem.). This argument also fails to provide Johnson a basis for relief.

**F.      Conclusion and Recommendation**

The version of 28 C.F.R. § 550.58 applicable to Johnson was promulgated in accordance with notice and comment requirements of the APA. Program Statement 5162.04 and Program Statement 5330.10 are interpretive rules that are exempted from those notice and comment requirements. As these sources do not violate the APA, and therefore, Johnson cannot obtain relief for this reason.

Because 18 U.S.C. § 3621(e) gives the BOP discretion whether or not to grant a reduction of the term of imprisonment, and because 28 C.F.R. § 550.58 is a valid exercise of that discretion, Johnson may be denied a reduction in accordance with the rule. And because such a reduction is committed to the discretion of the BOP, there is no vested liberty interest that can support a denial of due process. These concerns also do not provide Johnson with cause for relief.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED.**

Dated this 20th day of April, 2007.                    s/Jeanne J. Graham

                                                       JEANNE J. GRAHAM
                                                       United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by May 10, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.